**UNITED STATES of America ex rel. Frank POWELL, Appellant,**

v.

**COMMONWEALTH of PENN- SYLVANIA.**

**No. 18340.**

United States Court of Appeals, Third Circuit.

Argued April 2, 1970.

Decided April 24, 1970.

As Amended May 5, 1970.

---

Peter J. Rohana, Jr., Rodger L. Mutzel, Kassab, Cherry, Curran & Archbold, Chester, Pa., for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, Pa. (Stephen J. McEwen, Jr., Dist. Atty., Media, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal by the relator from the denial by the district court of his petition for a writ of habeas corpus attacking his conviction of voluntary manslaughter in the criminal court of Delaware County, Pennsylvania. The final order of the district court from which the present appeal was taken was entered on December 30, 1968, 294 F.Supp. 849. The notice of appeal was not filed until October 15, 1969, ten and one-half months thereafter, pursuant to an order of the district court, granted on a petition filed October 9, 1969, giving the relator leave to appeal nunc pro tunc.

Rule 4(a) of the Federal Rules of Appellate Procedure, however, provides that in a civil case the notice of appeal shall be filed within 30 days of the date of the entry of the order appealed from, and may be extended by the district court for a period of not to exceed 30 days only upon a showing of excusable neglect. Rule 26(b) expressly provides that the court may not further enlarge the time for filing an appeal. These limitations are applicable to the present appeal. The district court was, therefore, without power to enlarge the time for appeal beyond the 60 days permitted it by Rule 4(a). Its order accordingly could not validate the relator's tardy appeal, which must be dismissed as untimely filed.

We think it proper to add that we have, nonetheless, examined the relator's contentions on appeal and find them wholly without merit. Moreover, the relator has failed to take advantage of the state remedy open to him under the Pennsylvania Post Conviction Act. He has thus not exhausted his state remedies.

The appeal will be dismissed.